UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERGRAPHICS PRESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 5102 |
| v. ) | |
| ) | Judge George M. Marovich |
| CENGAGE LEARNING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hypergraphics Press, Inc. ("Hypergraphics") has filed a first amended complaint against Cengage Learning, Inc. ("Cengage").[1] Before the Court is defendant Cengage's motion to dismiss.[2]

**I.     Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiff's amended complaint. The Court also considers the settlement agreement (explained below) that plaintiff referred to in its amended complaint and that Cengage attached to its motion to dismiss. *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496

---

[1]The Court ordered plaintiffs Paul Muchinsky and Hypergraphics to file an amended complaint because the original complaint failed to state a proper basis for diversity jurisdiction, in that it failed to allege the principal places of business for the corporate defendants. The first amended complaint, which supercedes the original complaint, omits Paul Muchinsky as a plaintiff. Accordingly, the clerk is directed to terminate Paul Muchinsky from the case.

[2]The first amended complaint supercedes the original complaint and, ordinarily, moots a motion to dismiss. When the Court ordered plaintiffs to file an amended complaint, it told the parties that it would consider the motion to dismiss as a motion to dismiss the amended complaint. Although the amended complaint changes a few substantive allegations (in addition to the changes to the jurisdictional allegations), the Court will still consider the motion to dismiss as a motion to dismiss the first amended complaint.

F.3d 773, 778 (7th Cir. 2007) (document attached to motion to dismiss is considered part of the pleadings where the document is referred to in the complaint and is central to the plaintiff's claim).

Defendant Cengage is a publisher and seller of, among other things, college textbooks. In or about 2005, Cengage acquired Thomson Learning, Inc. ("Thomson"). Thomson (and/or its predecessors) had, since about 1980, published a book called Psychology Applied to Work ("PATW"). PATW was authored by Paul Muchinsky. Through the years, Thomson published each successive edition of PATW, including the 8th Edition, which was published in or about 2005. The 8th Edition of PATW sold some 25,000 copies.

Not long after Cengage took over Thomson Learning, Inc., Muchinsky and Cengage disputed the appropriate amount of royalties. Muchinsky sued Cengage, and the two entered a settlement agreement. Among other things, the settlement agreement provided:

> **2.  Termination of Contract**
>
> \*   \*   \*
>
> **A.  Distribution rights**
>
> 1.  Publisher shall have the right to continue to print (as needed) and distribute copies of the Work as it has in the ordinary course of business from the date of this Agreement through June 30, 2008, and shall further have the right to continue to distribute (but not to print) international editions of the Work, in any language, until November 30, 2008 (the "Sell-Off"). . . .
>
> 2.  Notwithstanding anything contained herein to the contrary, neither Publisher nor any of its subsidiaries shall be entitled to print or distribute any edition of the Work except editions 1 through 8.
>
> \*   \*   \*

3. **Assignment of Work, Ancillary Materials and License Agreement**

        *  *  *

  **C.**  Notwithstanding the foregoing assignment, Author shall not distribute, or permit a third party to distribute, the Work, Ancillary Materials, portions thereof or revised and/or modified versions of the same a) domestically, on or before June 30, 2008; and b) internationally, on or before November 30, 2008 (the "Distribution Dates"). Author may create and print a Ninth edition of the work, and make preparations for its distribution, prior to the Distribution Dates.

        *  *  *

12.  **Applicable Law and Dispute Resolution**

  **A.**  This Agreement and [sic] shall in all respects be interpreted, enforced and governed under the laws of Illinois and Illinois shall be the exclusive venue for any action based on this Agreement. . . .

  **B.**  In the event that Author believes that Publisher is in breach or default with respect to any of the terms hereto, Author will provide notice of the same to Wadsworth Publishing [contact information omitted] and afford Publisher forty-five (45) days to cure such breach or default.

  **C.**  In the event that Publisher believes that Author is in breach or default with respect to any of the terms hereto, Publisher will provide notice of the same to Dr. Paul Muchinsky [contact information omitted] and afford Author forty-five (45) days to cure such breach or default.

(Settlement Agreement at 2, 3, 5).

Plaintiff alleges that Cengage engaged in activities that constitute a breach of the settlement agreement. For example, Cengage sold copies of the 8th Edition after July 1, 2008. In addition, Cengage continued to sell copies of the Student Study Guide and to allow access to its online "instructor companion" so that instructors could continue to use the 8th Edition by having students purchase used books. When instructors asked Cengage about purchasing the 9th Edition

(which Cengage knew Muchinsky was going to publish), Cengage told professors there was no 9th Edition and gave them other Cengage publications as alternatives.

Muchinsky has assigned his rights under the settlement agreement to plaintiff Hypergraphic. Hypergraphic filed claims against Cengage for breach of contract, tortious interference with business expectancy and violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2. Cengage now moves to dismiss. For the reasons set forth below, the Court grants in part and denies in part defendant's motion.

## II.     Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v.*

*Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

## III. Discussion

### A. Plaintiff's breach of contract claim

In Count I, plaintiff asserts that defendant breached the settlement agreement. Defendant argues that plaintiff's claim for breach of contract must be dismissed because plaintiff failed to comply with the settlement agreement's dispute resolution provision. The relevant provision says, "In the event that Author believes that Publisher is in breach or default with respect to any of the terms hereto, Author will provide notice of the same to Wadsworth Publishing [contact information omitted] and afford Publisher forty-five (45) days to cure such breach or default." (Settlement Agreement at 5). The problem with defendant's argument, however, is that the contract does not say that the consequence of failing to provide such notice is that the claim is barred (as opposed to the consequence being that defendant has a breach of contract claim against plaintiff).

As defendant points out, courts have enforced contracts whose terms allow the *termination* of a contract only after notice and opportunity to cure. *See Telular Corp. v. Mentor Graphics Corp.*, 293 F. Supp.2d 843, 845 (N.D. Ill. 2003). Such cases, however, do not mean that plaintiff's breach of contract claim is barred. *See Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 919 (7th Cir. 2008) ("A declaration of default is a condition precedent *not to suing for a breach of contract* but to being authorized to terminate the contract immediately without liability to the other party.") (emphasis added). This Court concludes that in order for notice and opportunity to cure to be a condition precedent to filing suit on the claim, the contract

must so state. Other parties have done so successfully by defining, within the contract, a "breach" as occurring only after notice and opportunity to cure. *Columbus Container, Inc. v. Logility, Inc.*, 2002 WL 449790 at *3 (S.D. Ind. Feb. 7, 2002) (breach of contract claim barred where plaintiff failed to comply with notice and opportunity to cure term and contract said "Neither party shall be in breach of this Agreement . . . unless the other party shall first give the defaulting party notice of such default . . .") (applying Georgia law). Here, by contrast, nothing in the contract suggests that the notice and opportunity to cure clauses are conditions precedent to suing.[3] At best, then, Cengage would seem to have a counterclaim for breach of contract.

Accordingly, Cengage's motion to dismiss is denied as to Count I.

### B. Plaintiff's tortious interference claim

In Count II, Hypergraphics asserts a claim for tortious interference with business expectancy. Under Illinois law (which the parties seem to agree applies), to state a claim for tortious interference with business expectancy, a plaintiff must allege: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 406-407, 667 N.E.2d 1296, 1299 (Ill. S.Ct. 1996).

---

[3]The Court does not take defendant to be arguing that plaintiff's claim is barred by the rule that "a party to a contract who commits the first breach of its terms cannot maintain an action for a subsequent breach by the other party." *Daniggelis v. Pivan*, 513 N.E.2d 92, 96 (Ill. App. Ct. 1st Dist. 1987). For plaintiff's claim to be barred based on that rule, defendant would need to establish that plaintiff was the first to breach, and (in this case anyway) that cannot be done on a motion to dismiss.

Defendant first argues that plaintiff has not properly alleged that it has a reasonable expectation of entering into a business relationship. This is a motion to dismiss, and the Federal Rules still require only notice pleading, even if the allegations must bring the claim above a speculative level. Plaintiff has alleged that instructors were loyal to PATW and were interested in buying a ninth edition. Plaintiff may not ultimately prevail on this claim, but it has said enough to provide notice and to bring the claim above a speculative level. *See Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp.2d 752, 781 (N.D. Ill. 2008).

Next, defendant argues that plaintiff cannot prevail because, as a competitor, Cengage is privileged to interfere with plaintiff's business. Cengage is correct, but that does not warrant dismissal. Cengage is referring to an affirmative defense (*see General Motors Corp. v. Illinois Motor Vehicle Review Bd.*, 224 Ill.2d 1, 15, 862 N.E.2d 209, 220 (Ill. S.Ct. 2007)), and plaintiff need not plead around an affirmative defense to survive a motion to dismiss. *See Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008).

Defendant's motion to dismiss is denied with respect to Count II.

**C.  Plaintiff's Deceptive Trade Practices Claim**

In Count III, plaintiff asserts that defendant violated the Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/2. The Act makes it unlawful for one, in the course of his business, to, among other things, "(1) pass[] off goods or services as those of another;" or ("(8) disparage[] the goods, services, or business of another by false or misleading representation of fact." *See* 815 ILCS 510/2 (a)(1) & (8).

Plaintiff alleges that "[i]n selling the 8th Edition after July 1, 2008, Defendant has passed off goods or services as those of another." This does not state a claim for passing off. "Passing

off occurs when a party misrepresents its goods or services as someone else's." *Bob Creeden & Assoc., Ltd. v. Infosoft, Inc.*, 326 F. Supp.2d 876, 879 n. 1 (N.D. Ill. 2004). Plaintiff alleges that defendant, which printed the 8th Edition of PATW, sold copies of the 8th Edition of PATW as the 8th Edition of PATW. That is not passing off.

Next, plaintiff alleges that defendant disparaged plaintiff's goods by stating "there is no 9th Edition" of PATW and by stating that it was authorized to sell the 8th Edition after July 2008. Statements are not actionable under part (8) of the Uniform Deceptive Trade Practices Act unless they disparage the *quality* of the plaintiff's goods. *See Roper Whitney of Rockford, Inc. v. TAAG Machinery Co.*, 2003 WL 57029 at *2 (N.D. Ill. Jan. 7, 2003). The alleged disparaging statements are not about the product's quality.

Plaintiff has failed to state a claim under the Illinois Deceptive Trade Practices Act. Accordingly, the Court grants defendant's motion to dismiss with respect to Count III.

**IV.**     **Conclusion**

For the reasons set out above, the Court grants in part and denies in part defendant's motion to dismiss. Count III is dismissed without prejudice.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: April 8, 2009